JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4347 PA (PLAx) | Date | May 26, 2011 |
|---|---|---|---|

| Title | William White v. DePuy Orthopaedics, Inc., et al. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                     None

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant DePuy Orthopaedics, Inc. ("Defendant") on May 20, 2011.  (Docket No. 1.)  Defendant asserts that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

Defendant has failed to establish that diversity jurisdiction exists over this action.  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

Here, the Notice of Removal alleges that plaintiff William White ("Plaintiff") "alleges that he is a resident of the state of California" and "does not allege any alternative state of residency."  (Notice of Removal at ¶ 18.)  Accordingly, Defendant alleges "upon information and belief, Plaintiff is a citizen of the state of California."  Id.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4347 PA (PLAx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | William White v. DePuy Orthopaedics, Inc., et al. | | |

Defendant's allegation of Plaintiff's citizenship is not sufficient. The Ninth Circuit has held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kantor, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Thus, because Defendant has only alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. Defendant's allegations are accordingly insufficient to invoke this Court's diversity jurisdiction.

Further, Defendant has not met its burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint is silent as to the amount of damages Plaintiff seeks. Therefore, it is incumbent on Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant has not met its burden. The Notice of Removal asserts that "[Plaintiff's] allegations of serious injury plainly place more than $75,000 in controversy" because the Complaint alleges punitive damages and alleges that Plaintiff has suffered physical, mental, and nervous pain, incurred medical expenses, and sustained a loss of earning capacity. Defendant contends that the amount in controversy must therefore exceed $75,000 because punitive damages awards in medical device product liability cases are "routinely" in excess of $75,000. However, Defendant does not explain how the facts of this case are factually similar to the cases it cites in support of this contention. In particular, Defendant cites to two product liability cases for ruptured breast implants and a defective pacemaker, but does not explain how the facts of those cases are analogous to this case, in which the consequences of the defect do not appear to have been quite as severe. Accordingly, Defendant's attempt to use evidence of jury verdicts in other cases is not sufficient to establish the requisite amount in controversy by a preponderance of the evidence. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4347 PA (PLAx) | Date | May 26, 2011 |
|---|---|---|---|

| Title | William White v. DePuy Orthopaedics, Inc., et al. |
|---|---|

 

Accordingly, because neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations concerning citizenship or the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  This action is hereby remanded to Los Angeles County Superior Court, Case No. BC 456287 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.